UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **IN RE CENTRAL PROCESSING SERVICES, L.L.C.** | 2:19-13711 |
| **THE UNITED STATES OF AMERICA**, | HON. TERRENCE G. BERG |
| Appellant, | |
| v. | **ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER** |
| **CENTRAL PROCESSING SERVICES**, **L.L.C**, | |
| Appellee. | |

In this Chapter 11 bankruptcy case, the United States of America, on behalf of the Internal Revenue Service ("IRS"), a creditor in the case, requested dismissal. The bankruptcy court granted that request. After the case was dismissed, the United States filed a motion to disgorge fees paid to professionals hired by the Debtor to aid it throughout the bankruptcy process. The bankruptcy court denied the motion and the United States appealed.

This order pertains to the second of two appeals from the bankruptcy court case. The first appeal challenges the bankruptcy court's order denying the motion for disgorgement on the merits. This appeal challenges the bankruptcy court's conclusion that the United States waived its opportunity to file a motion for reconsideration of the same

1

order. For the reasons set forth below, the bankruptcy court's order will be affirmed.

## BACKGROUND

A comprehensive statement of the facts and procedural history are outlined in this Court's order on the first appeal taken in this case. *See* Order, Case No. 19-13427, ECF No. 15. The following additional facts are pertinent to this appeal.

This Chapter 11 case was dismissed on September 23, 2019. In the order on dismissal, the bankruptcy judge permitted the parties to file any fee applications or other requests for relief no later than October 7, 2019. Order on Mot. to Dismiss, Adv. P. No. 19-43217, ECF No. 127.

On October 2, 2019, the Debtor's professionals filed applications for compensation, or fee applications, for their services during the case pursuant to 11 U.S.C. § 330. Appls. for Compensation, Adv. P. No. 19-43217, ECF Nos. 131, 132. The United States filed an objection on October 22. Objs., Adv. P. No. 19-43217, ECF Nos. 145, 146. The bankruptcy court scheduled a hearing on the fee applications for November 22.

The IRS also filed a post-dismissal request for relief on October 4. The request was a motion for an accounting and disgorgement of the Debtor's professionals' fees. Mot. for Disgorgement, Adv. P. No. 19-43217, ECF No. 135. On October 18, the Debtor filed an objection. Obj., Adv. P.

No. 19-43217, ECF No. 140. On October 29, 2019, the Court held a hearing and took the disgorgement motion under advisement.

While the parties were awaiting the hearing on the fee applications, the bankruptcy court entered an order denying the United States' motion to disgorge on November 5. Order, Adv. P. No. 19-43217, ECF No. 154. The United States appealed that order to this Court on November 20.

At the November 22 hearing on the fee applications the United States made an oral motion for reconsideration of the disgorgement motion or, in the alternative, for the bankruptcy court to abstain from ruling on the fee applications.

On December 3, the bankruptcy court issued orders granting in part and denying in part the fee applications and denying the United States' oral motion for reconsideration or abstention. Op., Adv. P. No. 19-43217, ECF No. 171. The bankruptcy judge found that the United States had waived those arguments because it did not raise them in writing or at any time before the hearing. The bankruptcy judge added that the United States cited no case law in support of its oral requests. *Id.* at PageID.11. This appeal followed.

## STANDARD OF REVIEW

Bankruptcy Rule 8013 provides, in part, that " on an appeal[,] the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary

3

evidence, shall not be set aside unless clearly erroneous . . . ." Fed. R. Bankr. P. 8013.

A district court reviews *de novo* the bankruptcy judge's conclusions of law. *In re Edmonds,* 263 B.R. 828, 829 (E.D.Mich.2001); *In re Vause,* 886 F.2d 794 (6th Cir.1989).

## DISCUSSION

### A. Motion for Disgorgement

The United States argues that the bankruptcy court erred by declining to disgorge the Debtor's professionals' fees and in doing so, violated the priority order of claims set forth in section 507 of the Bankruptcy Code. The United States claims this was error because the IRS lost its chance to receive its pro rata share from the Debtor's estate despite the professionals getting paid for their services to Debtor, running afoul of the holding in *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017).

The Court already considered much of this argument when adjudicating the United States' companion appeal and concluded that nothing in the bankruptcy court's holding was contrary to *Jevic*. See Order, Case No. 19-13427, ECF No. 15. In *Jevic*, the Supreme Court considered the effects of a structured dismissal which, as a condition of the dismissal, distributed the debtor's estate in a way that was contrary to the Bankruptcy Code. By contract, here, the bankruptcy court did not distribute the estate. It simply retained jurisdiction to award the

4

professionals their fees. This is a common practice in bankruptcy law. *See In re 5900 Assocs., Inc.*, 468 F.3d 326, 328 (6th Cir. 2006).

In addition, the Court cannot overlook the fact that the United States moved for dismissal on the basis that the Debtor was not paying its post-petition taxes. The United States did not ask for the case to be converted to a Chapter 7 case, which would have allowed for liquidation and distribution of the estate in accordance with the Code's priorities. Accordingly, the case was dismissed, along with the IRS's claim for the post-petition taxes. The IRS cannot have it both ways and ask for the case to be dismissed based on the Debtor's failure to pay taxes, then have its claim for taxes adjudicated and paid out pro rata.

The United States tacks on a slightly new argument in this second appeal, which appears to be based in equity and a creative reading of Sixth Circuit case law. The United States argues that the Sixth Circuit's holding in *In re 5900 Associates, Inc.*, suggests that the bankruptcy court should have retained jurisdiction over the entire bankruptcy estate after dismissal in order to conduct distribution. By declining to do so, the United States argues, the bankruptcy court fostered an inequitable result, because the professionals were paid for their services but the IRS never received any payment toward its required taxes from the Debtor.

This argument is unavailing. *In Re 5900* stands for the proposition that the bankruptcy court always has jurisdiction to review professionals' fees, even if the case has been dismissed. 468 F.3d at 330. Nothing in that

5

case, or the Bankruptcy Code, suggests that by extension of this principle, a bankruptcy court should retain jurisdiction over a case after dismissal to adjudicate the claims against the Debtor and distribute the estate. Indeed, this is antithetical to the Bankruptcy Code, which states that distribution in a Chapter 11 case occurs upon the "effective date of the plan." 11 U.S.C. § 1129(a)(9)(A). Here, there was no plan, because the United States moved for dismissal. When the bankruptcy court granted that dismissal, the IRS no longer had a right to have its claim against the Debtor adjudicated or receive its pro rata share of the estate.

### B. Waiver

Next, the United States argues that the bankruptcy court erred in holding that the United States waived the right to ask for reconsideration of the accounting/disgorgement motion by waiting until the hearing on the fee applications to make an oral motion. By the time the disgorgement motion was denied, the United States says, the briefing on the fee applications was complete. Accordingly, the fee hearing was the most "logical" time to make the motion. Appellant's Br., ECF No. 5, PageID.1077.

This, however, does not excuse the United States' failure to raise the issue before the hearing. It had multiple chances to mount this argument and it failed to do so. First, the United States could have included this argument in the objection to the fee applications. The United States filed its objections to the fee applications on October 22,

6

2019. Even though the hearing was not held for another month, the IRS did not raise in its objections to the fee applications its concern about the pending motion on disgorgement.

Moreover, the bankruptcy court definitively ruled it would not exercise jurisdiction over the United States' motion to disgorge on November 5, 2019. The hearing on the fee applications was not to take place until November 22, 2019. This means the United States had over two weeks (seventeen days) to supplement its briefs and incorporate any argument regarding the disgorgement motion, or to ask for additional time to do so, and thereby indicate that it wanted the disgorgement motion ruling to be discussed at the hearing.

However, the United States did not ask for additional time, did not supplement its objections, and did not alert Debtor to these new arguments before the hearing. As the bankruptcy judge stated, "[b]asically, the IRS just showed up and surprised everyone at the hearing by opening its remarks with four entirely new arguments that were not addressed either directly or indirectly in the IRS Objection." Op., Adv. P. No. 19-43217, ECF No. 171, PageID.8.

It is a well-established procedural rule in the Sixth Circuit that failure to raise an argument in a motion acts as a waiver of that argument. *United States v. 2007 BMW 335i Convertible*, 648 F. Supp. 2d 944, 952 (N.D. Ohio 2009) (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552-53 (6th Cir. 2007)). One of the primary purposes of this rule is

to give the other party "a fair opportunity to respond to all arguments." *2007 BMW*, 648 F. Supp. 2d at 953. The United States did not properly put the motion in writing, pursuant to Local Bankr. R. 9024-1(a)(4), nor did it give any indication to Debtor that it was going to make this argument before the hearing. Accordingly, the bankruptcy court did not err by deeming it waived.

Next, the United States says that its oral motion for reconsideration was made at the most "logical" time, given the motion was conditional on the bankruptcy judge's granting of the professionals' fee applications. In other words, the United States suggests that it would have had no reason to file a motion for reconsideration on the disgorgement motion unless and until the bankruptcy judge granted the fee applications. No matter— a party may not circumvent the procedural rules based on its litigation strategy.

The United States was perfectly capable of filing a motion for reconsideration of its disgorgement motion within fourteen days of when it was denied, at the very least, to preserve the right to do so. *See* Local Bankr. R. 9024-1(a). The United States could have also asked the bankruptcy judge for an extension of time to file such a motion in order to assess its options based on what happened with the fee applications.

The United States did neither. Instead, it appealed the disgorgement motion to this Court on November 20, 2019, without having made a motion for reconsideration with the bankruptcy court, which

8

would have extended the deadline to file an appeal with this Court. Appeal, ECF No. 164; *see* Fed. R. Bankr. P. 8002(b)(1). The United States then chose to make an oral motion for reconsideration at the fee application hearing two days later. In addition, as the bankruptcy judge—who still addressed the United States' motion on the merits—pointed out, the United States cited no law in support of its argument. *See* Op., Adv. P. No. 19-43217, ECF No. 171, PageID.10.

In sum, as much as the United States wants this procedural route to be proper, it is not. It has no basis in the Code or procedural rules. The Court declines to remedy the situation caused by counsel's strategic choices at this point in the case. The bankruptcy court did not err in holding the arguments made at the hearing were waived. Moreover, as explained above, it makes no difference. The United States does not have a meritorious argument.

One last point. The United States takes issue with the Debtor's professionals taking their share of fees for providing their services to the Debtor. It says "the end result of this case is that a law firm and financial advisor that stood by watching as CPS dissipated trust funds receives special treatment in being permitted to retain a percentage of their claim while the IRS is paid nothing on its equal-priority administrative tax expense." Appellant's Br., ECF No. 5, PageID.1082.

However, the bankruptcy court made a careful assessment of the fee applications and concluded that all fees for services rendered after

July 30, 2019 should be disallowed. After that date, the court found, services rendered were not necessary to the case nor reasonably likely to benefit the estate at the time they were performed. *See* Op., Adv. P. No. 19-43217, Adv. P., ECF No. 171, PageID.21. The Court is satisfied that the professionals have not made more than their fair share in this case.

Moreover, it is ultimately the Debtor's responsibility, not the Debtor's professionals, to pay its post-petition taxes. *Id.* at PageID.20. The IRS's remedy for Debtor's failure to pay taxes does not lie with the professionals' fees. As the bankruptcy court stated, although it "in no way condones the Debtor's failure to pay its post-petition taxes and its disregard of its debtor in possession duties . . . the remedy for the Debtor's conduct is not to disallow all of the fees for its professionals if the fees are otherwise compensable, but instead to pursue appropriate remedies against the parties who are responsible for the Debtor's non-payment of taxes." *Id.* at PageID.22.

## CONCLUSION

For the reasons stated above, the Bankruptcy Court's order is **AFFIRMED**.

**SO ORDERED.**

Dated: September 18, 2020        s/Terrence G. Berg
                                                        TERRENCE G. BERG
                                                        UNITED STATES DISTRICT JUDGE